UNITED STATES v. The RISING DAWN.
See Case No. 11,857.

# Case No. 16,168.
## UNITED STATES v. RITCHIE.

[4 Chi. Leg. News, 139; 15 Int. Rev. Rec. 43; 16 Am. Law Rev. 575.] [1]

District Court, D. Maryland. Jan. 13, 1872.

SALARY OF STATE'S ATTORNEY—LIABILITY TO INCOME TAX.

[1. One's compensation as state's attorney is not liable to the income tax.]

[2. The compensation of a state officer cannot be applied to the satisfaction of the $1,000 exemption from the income tax.]

In 1869 Mr. [John] Ritchie was state's attorney for Frederick county, and in assessing the internal revenue tax upon his income for that year, the assessor included as taxable the money received as compensation for his services as state's attorney. Mr. Ritchie took the ground that his compensation received as an officer of the state was exempt from the income tax, and declined to pay the portion of the tax assessed upon that part of his income. The $1,000 exemption, under the law then in force, was deducted from the aggregate amount returned. The government claimed that the salary in question was not exempt from the income tax; and, secondly, that if it were, then the United States could apply $1,000 of it to the exemption clause.

Mr. Stirling, U. S. Dist. Atty.
Albert Ritchie, for defendant.

GILES, District Judge, decided that under the case relied on by the defendant (The Collector v. Day, 11 Wall. [78 U. S.] 113) his

[1] [16 Am. Law Rev. 575, contains only a partial report.]

compensation as state's attorney was not liable to the income tax, that the office of state's attorney was established by the constitution of the state, and was one of the means and instrumentalities for carrying on the state government, with respect to which the powers of the state are independent of the general government, and that the United States has no more right to tax these agencies than the state government has to tax the means and agencies of carrying on the federal government.

Judge GILES also held that the United States could not apply the compensation of a state officer to the satisfaction of the exemption alone, because that would, indirectly, make his income from such source liable to the taxation from which it is exempt; that to exhaust the exemption clause by taking the amount out of his official income, would be to make it, in effect, subject to the revenue law, and to deny to a state's officer the advantage of the state's exemption, and that therefore the official income of defendant was not to be taken into consideration in the assessment of the tax. For these reasons Judge GILES held that defendant was entitled to judgment.